### 24917. WATTS v. CANNON, Sheriff.

Undercofler, Justice. This appeal is from a judgment in a habeas corpus action remanding the petitioner to the custody of the respondent. The petitioner contends that he is being illegally detained under a sentence for larceny from the house because unlawfully seized evidence was introduced at his trial in violation of his constitutionally protected rights against self-incrimination and unreasonable searches and seizures. *Held:*

1. The applicant contends that his arrest and the subsequent search of his person were illegal because the arresting officer

did not have in his possession at the time of the arrest the warrant for his arrest for larceny from the house. The evidence shows that the arresting officer was informed of the outstanding State felony warrant, that he apprehended the defendant, and that he immediately took him to jail where he was searched and the incriminating evidence taken from his person.

The arrest of the defendant was legal since the evidence shows that the arresting officer was acting on reliable information that a felony warrant had been issued for his arrest. *Cash v. State*, 222 Ga. 55, 58 (148 SE2d 420). "The Supreme Court of the United States in Harris v. United States, 331 U. S. 145, 150 (67 SC 1098, 91 LE 1399) has pointed out that '. . . it is only unreasonable searches and seizures which come within the constitutional interdict . . .' that 'The test of reasonableness cannot be stated in rigid and absolute terms . . .' and that 'Each case is to be decided on its own facts and circumstances. Go-Bart Importing Company v. United States, 282 U. S. 344, 357 (1931) . . .' and further that 'The Fourth Amendment has never been held to require that every valid search and seizure be effected under authority of a search warrant. Search and seizure incident to lawful arrest is a practice of ancient origin [citing authority] and has long been an integral part of the law enforcement procedures of the United States and of the individual States.' " *Cash v. State*, 222 Ga. 55, 58, supra.

2. The legality of the search and seizure controls this case and this question having been decided above on its merits, it is not necessary to rule on the other enumerations of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 12, 1968—DECIDED NOVEMBER 21, 1968.

*Oliver, Oliver & Rea, Robert F. Oliver,* for appellant.
*Herbert B. Kimzey, Solicitor General,* for appellee.