## 45581. BARNETT v. THE STATE.

QUILLIAN, Judge. L. C. Barnett was indicted for the offense of burglary and for the offense of disposing of stolen property. He subsequently made a pre-trial motion to suppress evidence based on what was alleged to be an illegal arrest without a warrant. The trial judge after first granting such motion, vacated the order granting the motion and entered an order which stated: "that the State, on the trial of the case, be permitted to utilize the evidence with respect to which the defendant moved heretofore to suppress." Upon a certificate of immediate review (*Code Ann.* § 6-701 (a, 2); Ga. L. 1965, p. 18; 1968, pp. 1072, 1073) being entered, appeal was taken to this court.

Error is enumerated on the grounds that the trial judge erred as a matter of law: (1) in not finding that the accused's arrest was without probable cause and in violation of stated provisions of the State and Federal Constitutions; (2) in not finding that the arrest without warrant was illegal and in violation of stated provisions of the State and Federal Constitutions; (3) in not suppressing any and all evidence procured as a result of the illegal arrest and detention of the accused as being obtained in violation of certain stated provisions of the State and Federal

Constitutions. *Held:*

In *Norrell v. State,* 116 Ga. App. 479, 488 (157 SE2d 784), is found the following pronouncement: "Section 13 of an Act approved March 16, 1966 (Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313) provides: '(a) A defendant aggrieved by an unlawful search and seizure may move the court for the return of property the possession of which is not otherwise unlawful and to suppress as evidence anything so obtained . . . (b) The motion shall be in writing and state facts showing wherein the search and seizure were unlawful . . .' Under the express terms of Section 13 the only persons entitled to its benefit are persons 'aggrieved by an unlawful search and seizure.' No provision is made in this section for pre-trial suppression of evidence deemed illegal for reasons other than unlawful search and seizure. The motion to suppress here avers that the statements referred to were secured by police officers as a result of illegal arrests and detention, not as a result of an unlawful search and seizure. These statements should have been made the basis of objections at the trial and not the basis of a pre-trial motion. See United States v. Tuzzo, 9 F. R. D. 466." See also *Hawkins v. State,* 117 Ga. App. 70, 71 (159 SE2d 440). Under authority of these cases the order entered was not subject to the objections urged against it because the pre-trial motion to suppress was defective. The judgment must be affirmed, but with direction that such portion of the order as permits the introduction of certain evidence on trial be stricken, since the trial judge had authority only to deny the motion.

*Judgment affirmed with direction. Bell, C. J., and Whitman, J., concur.*

Submitted September 9, 1970—Decided February 23, 1971.

*Robert D. Peckham,* for appellant.

*Thomas W. Ridgway, District Attorney, John T. Strauss,* for appellee.