### 48602. MARSHALL v. THE STATE.

QUILLIAN, Judge. The defendant was tried and convicted for the offense of carrying a concealed weapon. While the defendant was being "processed" in the Fulton County Jail, a search was made of his person and a knife was found concealed in his belt.

Prior to the trial the defendant made a motion to suppress on the grounds that his rights under the 4th, 5th, 6th, and 14th Amendments to the United States Constitution were violated by the search. By stipulation the hearing on the motion and the trial were conducted simultaneously. Compare *Barnett v. State,* 123 Ga. App. 369 (180 SE2d 921), and cits.

The only issue presented by this appeal is whether the search was conducted pursuant to a valid arrest. The evidence in this regard was to say the least scanty. One of the two individuals who searched the defendant stated: "He was brought in the jail down there on another charge; bound over, I think on a J. P. warrant." This was the only evidence offered in this regard. We note that counsel for the state during argument before the court stated that the defendant "was bound over from Commitment Court."

Under the "fruit of the poisoned tree" doctrine, the search must fall if the original arrest was invalid. *Raif v. State,* 109 Ga. App. 354, 358 (136 SE2d 169); Miller v. United States, 357 U. S. 301 (78 SC 1190, 2 LE2d 1332); Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 SE2d 441); Chappell v. United States, 342 F2d 935, 937; Peterson v. United States, 411 F2d 1074, 1078. It has been held that the burden is on the state to establish the validity of such original arrest. "Evidence obtained by illegal seizure and search of the defendant's person, by which he is

compelled to criminate himself, being inadmissible against a defendant accused of crime, the burden devolves upon the state to show that evidence obtained by search was procured after a legal arrest. Proof that the arrest was legal is not made by the statement of a witness that the arrest was made under a warrant. The conclusion of a witness that a given paper is a warrant under which an arrest may legally be made is not proper proof that such a paper is in fact a warrant by virtue of which a legal arrest has been made, so as to authorize the admission of evidence obtained by means of an arrest under such paper or alleged warrant." *Sherman v. State,* 2 Ga. App. 148 (1) (58 SE 393). See *Johnson v. State,* 111 Ga. App. 298, 305-307 (141 SE2d 574). See also *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647). Here, since there is nothing to show the validity of the original arrest, the evidence of the search was not admissible against the defendant. The case is reversed with direction that a new trial be granted the defendant.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED JANUARY 9, 1974.

*Herbert Shafer,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Thomas Moran, Frank A. Bowers,* for appellee.