## 34053. KAMETCHES et al. v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellants Chris Kametches, Donnie Scott and Richard Bond were convicted by a jury of violating Code Ann. § 26-2101 (c), possession of obscene devices, and sentenced to twelve months on probation and fined. They appeal. We affirm as to Bond and reverse as to Kametches and Scott.

1. Enumerations of error 1 and 2 raise questions whether the trial court erred in failing to direct a verdict of acquittal or to grant a new trial for lack of evidence against Scott and Kametches. The only evidence offered to the jury was their unexplained presence in the outer office of the warehouse where the objects were seized. Charges were dropped against several other persons who were also present in the office when it was discovered that they were visitors. Mere presence is insufficient to support a conviction. Code Ann. § 38-109; *Greeson v. State,* 138 Ga. App. 572 (226 SE2d 769), aff'd., *State v. Greeson,* 237 Ga. 193 (227 SE2d 324) (1976); *Denham v. State,* 144 Ga. App. 373 (241 SE2d 295) (1977). The trial court erred in failing to direct a verdict in favor of Scott and Kametches. Because of this ruling, we need not reach the remaining enumerations of error as to Scott and Kametches, but only as to Bond, who was shown to be the manager of the warehouse.

2. Enumeration 3 urges error in the overruling of Bond's motion to suppress. Bond claims that the evidence seized under the search warrant is the fruit of an earlier illegal search under a defective arrest warrant. Police officers originally came to the warehouse on December 1, 1976, with an arrest warrant for Kametches on an unrelated films charge. Bond informed the officers that Kametches was not there, but they proceeded from the offices into the warehouse area to check the identity of several persons who went in there when they arrived. The police saw the obscene device in the warehouse, obtained a search warrant, returned the next day to execute it, and then arrested the three defendants, who were in the office at the time. Bond urges that the police could not have been in the warehouse area and would not have seen these items but for the arrest warrant, that the arrest warrant was illegal, and therefore that the search warrant was also illegal.

Bond relies on the fact that the arrest warrant for Kametches was entitled "Bench Warrant." He cites Code Ann. § 27-801: "A bench warrant is one issued by a judge for the arrest of *one accused of crime by a grand jury.*" (Emphasis supplied.) Then, he argues that since Kametches had not been indicted, but was under

accusation, the "bench warrant" was defective. There is no merit to this reasoning.

A bench warrant is merely an arrest warrant issued by a judge. Code Ann. §§ 27-103[1] and 27-103.1[2] provide generally for arrest warrants. The "bench warrant" issued in this case contains all the information required by these sections. There is no requirement, as Bond urges, that the warrant itself be sworn to. It is presumably based on a proper accusation as was testified to by the assistant solicitor. Bond has produced no evidence to the contrary. Nor is there any merit to Bond's contention that the warrant is defective because the assistant signed the solicitor's name to it since this practice was routine and permitted by the solicitor, and, further, was unnecessary.

---

[1] "An affidavit made, or warrant issued, for the arrest of an offender against the penal laws shall state, as nearly as practicable, the following facts, to wit: The offense, the county in which the same was committed, and the time when committed; and when the offense charged is larceny, the ownership of the property alleged to have been stolen, or the person from whose possession it was taken, shall, as far as practicable, be stated in the affidavit and warrant." Code Ann. § 27-103.

[2] "In addition to the requirements stated in Code section 27-103, the person taking the affidavit required and authorized to be issued by section 27-103, or issuing the warrant required and authorized to be issued by section 27-103, shall, when stating the offense, in addition to naming the offense, state: the time, date, and place of occurrence of said offense, against whom such offense was committed, and a statement describing the offense. When the offense charged is larceny, in addition to the above required information, there shall be named: the property alleged to have been stolen with a description thereof, the name of the owner, the value of such property, and the name of the person from whose possession such property was taken. It is the intent of these requirements that the defendant shall be informed of the specific charge against him and of all basic pertinent particulars pertaining thereto." Code Ann. § 27-103.1.

Finally, Bond urges that the search warrant should be suppressed because the officers had no legal right to make a total search of the premises. It is clear, however, that the objects were in plain view when the officers entered the warehouse to ascertain the identification of the people present on the premises while searching for Kametches.

Enumeration of error 3, asserting that the trial court erred in failing to grant Bond's motion to suppress, presents no grounds for reversal.

3. In his fourth enumeration of error, Bond attacks constitutionally the statute under which he was convicted. Some of his contentions, he admits, were decided adversely to him in *Sewell v. State,* 238 Ga. 495 (233 SE2d 187) (1977) (statute not vague and overbroad). He now raises the questions whether the statute constitutes an invasion of privacy of adult or married couples to possess such devices and whether the statute violates due process because the devices are not harmful per se, but have a valid scientific and medical use, and are not obscene under the standards for books and movies set out in Miiler v. California, 413 U. S. 15 (1972). We affirm the trial court's denial of this constitutional attack. *Pierce v. State,* 239 Ga. 844 (239 SE2d 28) (1977).

Enumeration of error 5, challenging the charge on constructive knowledge, was also decided adversely to Bond in *Sewell v. State,* supra. Further, it is clear from *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976), that charges on presumptions, here that "a person of sound mind and discretion is presumed to intend the natural and probable consequences of his act," are not burden-shifting as urged in Enumeration 6.

4. Enumeration of error seven, relating to comments on the defendants' silence at the time they were arrested and a comment thereon by the prosecution during closing arguments, is irrelevant to and, therefore, harmless to defendant Bond, who was admittedly the manager of the warehouse.

We reverse the convictions of Kametches and Scott for failure by the state to make out a case against them, but affirm Bond's conviction.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED NOVEMBER 21, 1978 — REHEARING DENIED DECEMBER 19, 1978.

*Glenn Zell,* for appellants.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Andrew J. Hairston, Assistant Solicitors,* for appellee.