44236. CALLAWAY v. THE STATE.
(354 SE2d 118)

GREGORY, Justice.

Michael Callaway was convicted of the malice murder of Sheridan J. Lendrum and sentenced to life imprisonment.[1]

The evidence presented at trial shows that between 5:00 p.m. and 5:55 p.m. on September 1, 1985, the victim and his roommate, Timothy Holcomb, drove to a car wash in Augusta, Georgia with the intention of purchasing five dollars worth of marijuana. Holcomb testified that the defendant approached the car and offered to sell them this amount. The victim, who was driving the car, took the marijuana to inspect it, then drove away without paying for it. Holcomb testified that he and the victim drove in a direction away from the car wash for a few minutes, then turned the car around and headed toward their residence. As their car was stopped at a traffic light, the defendant pulled his car parallel with theirs in the left-turn lane. The victim and defendant exchanged heated words, then the defendant shot the victim in the head, killing him. The defendant left the scene. According to police records the shooting occurred at 5:55 p.m.

Joe Jones was stopped at the traffic light directly behind the victim's car. He testified he observed a black male in the left-turn lane conversing with the victim. The black male drew a weapon and fired at the victim, then sped away. Jones was able to obtain the license number of the perpetrator's car which he gave, along with a description of the car, to a police officer who arrived two to three minutes after the shooting occurred. The officer testified that it took less than five minutes to determine that the car Jones had seen was registered to the defendant. An officer was immediately dispatched to the de-

---

[1] The crime occurred September 1, 1985 and the defendant was arrested that same day. He was indicted on October 8, 1985, and brought to trial on June 30, 1986. The jury returned a verdict on July 3, 1986, and the defendant was sentenced to life imprisonment on July 24, 1986. No motion for new trial was filed. The transcript was certified on December 16, 1986, and docketed in this court on January 7, 1987. The case was submitted to us on briefs on February 10, 1987.

fendant's residence, located less than one-half mile from the scene of the crime. There the officer observed the car described by Jones. The defendant then approached the officer. According to the officer's testimony the defendant asked whether the officer was looking for him.[2] The officer asked the defendant to identify himself. After the defendant had done so the officer radioed for assistance. Without being questioned the defendant volunteered that he had been having dinner until 5:30 p.m., had then stopped by a service station, and had been playing basketball until the officer arrived. When additional police officers arrived on the scene about three minutes later, the defendant was placed under arrest and given *Miranda* warnings.

At trial the defendant testified that he had eaten dinner with friends and left the restaurant at 5:30 p.m. He then went to a service station, returned to his residence and had been playing basketball for twenty to twenty-five minutes when police arrived. The defendant stated that no one other than himself had been driving his car on the evening in question. Two defense witnesses testified they had eaten dinner with the defendant on the night of the shooting and had left the restaurant at 5:30 p.m. An expert from the State Crime Lab testified that he performed an analysis of the wipings taken from the defendant's hands and concluded that the levels of barium, ammonia and lead found were below the levels which would indicate a gun had been fired.

1. While not an issue raised by the defendant, we conclude that the evidence authorized a rational trier of fact to find the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant maintains the trial court erred in denying his motion to suppress two custodial statements made to police. The defendant argues that the police did not have probable cause to arrest him, making his post-arrest statements inadmissible. We disagree.

The evidence shows that the elapsed time between the shooting of the victim and the arrest of the defendant was less than thirty minutes. An eyewitness to the shooting was able to identify the make and license tag of the defendant's vehicle, and was able to describe the perpetrator of the crime as a black male. Further, when the defendant became aware that a police officer was observing his car, he identified himself as the owner of the car and, without inquiry, began explaining to the officer where he had been during the past half-hour.

A "warrantless arrest" is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy

---

[2] The defendant testified he inquired why the officer was looking at his car.

information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. *Durden v. State*, 250 Ga. 325, 326 (297 SE2d 237) (1982); *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964). We conclude under the facts of this case there was probable cause to arrest the defendant without a warrant.

Furthermore, the State is correct in pointing out that the defendant's testimony at trial was consistent with the custodial statements in question. Even if we were to hold that the trial court erred in admitting the custodial statements, it is highly probable that such an error did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. Shortly after the defendant's arrest, a police officer brought Timothy Holcomb into a room where the defendant was being held. Holcomb identified the defendant as the man who shot the victim. The defendant complains that this procedure was inherently suggestive and tainted Holcomb's in-court identification of the defendant. He appeals the denial of his motion to suppress this in-court identification.

Assuming without deciding that this identification procedure was unnecessarily suggestive, the evidence shows that Holcomb's in-court identification of the defendant was based, not on the confrontation at police headquarters, but on the opportunities he had to observe the defendant on the evening of the murder.

Holcomb testified that he had at least "a full minute" to observe the defendant's face at the car wash while the victim inspected the marijuana. Holcomb also testified he had a good view of the defendant at the traffic light while the defendant and victim were arguing. Holcomb stated both observations were made during daylight and that he was "absolutely sure" the defendant was the man who shot the victim. Further, Holcomb testified that he was familiar with the defendant, having seen him on other occasions at the car wash, and having purchased marijuana from him at least once before.

As the basis for the courtroom identification was independent of the allegedly suggestive confrontation procedure, it was not error for the trial court to deny the motion to suppress. *Baxter v. State*, 254 Ga. 538 (11) (331 SE2d 561) (1985). Considering Holcomb's opportunities to observe the defendant prior to the shooting, there was little likelihood of misidentification of the defendant at the time of Holcomb's in-court identification. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

4. Last the defendant argues that counsel should have been provided him at the time of the show-up. He concedes, however, that this identification procedure occurred prior to the initiation of adversary judicial proceedings. As such, the defendant was not entitled to coun-

sel. *McGhee v. State,* 253 Ga. 278 (2) (319 SE2d 836) (1984); *Kirby v. Illinois,* 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972).
*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1987.

*Fleming, Blanchard & Bonner, Martin C. Puetz,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.

