45839. THE STATE v. STRINGER.

(372 SE2d 426)

MARSHALL, Chief Justice.

The State of Georgia appeals the grant of Gary Lewis Stringer's pre-trial motion to suppress his confession, on the ground of his arrest on an invalid warrant. The murder and armed robbery with which Stringer is charged were committed on March 27, 1986. On September 11, 1987, Stringer was arrested pursuant to a 21-month-old state-court bench warrant (issued on December 3, 1985) for two misdemeanor shoplifting charges. During custodial interrogation, Stringer made a confession which implicated two others who later became co-defendants in the murder and armed-robbery proceedings. The trial court granted Stringer's pre-trial motion to suppress the confession, holding that there was evidence that Stringer and his father had made several court appearances pursuant to the warrant and that the warrant had been recalled by another judge. The state appeals. We affirm.

A valid arrest must be supported by probable cause. *Dunaway v. New York,* 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979). An arrest unsupported by probable cause and made solely for the purpose of investigating a crime in the hope that something will turn up as a result of the ensuing investigation, intrudes so severely on the interest protected by the Fourth Amendment that exclusion of the statement is mandated. *Dunaway,* supra; *Brown v. Illinois,* 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975). If there is a causal connection between an illegal arrest and a custodial statement of confession, then the exclusionary rule must be applied to ensure compliance with the Fourth Amendment. *Dunaway,* supra; *Brown,* supra; *Wong Sun v. United States,* 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963). The state stipulated that Stringer's arrest was not based upon probable cause but rather mere rumor; therefore, if the bench warrant from the state court was not valid, then his arrest and the resulting statement must be suppressed.

The primary purpose of the bench warrant is to secure the presence of the defendant in court. Once the defendant appears in court, the bench warrant is no longer necessary, and has no force and effect. The bench warrant is simply a means to an end, and in the case at bar, Stringer's appearance several times during 1986 and 1987 eliminated the need for the bench warrant. All the witnesses were in agreement that any future nonappearance by Stringer would have required the issuance of another bench warrant.

The procedure used for recalling Stringer's bench warrant was not different from that of any other bench warrant recalled by the solicitor's office from the Richmond County Sheriff's Department.[1] The evidence of the solicitor's office records clearly showed that the bench warrant had been recalled on January 21, 1986.

Nor does the bench warrant retain its validity simply because no written order quashing it was entered by Judge Hamrick. As Judge Hamrick testified, the issuance of a bench warrant required an oral order by the sitting judge while the trial court was in session. Preparation of the warrant was handled by the solicitor's office; Judge Hamrick's signature was affixed to the warrant by means of a stamp maintained in the solicitor's office. The "holding up," "dissolution," or "quashing" of a bench warrant was also carried out by the solicitor's office upon the oral approval of the court.

The state contends that the bench warrant continues to be valid until Stringer's state-court case is concluded. However, the State Court of Richmond County simply does not operate as formally as the Superior Court of Richmond County, having a higher caseload and fewer personnel. There was no evidence produced to authorize a finding that Stringer's bench warrant had any validity after January 21, 1986.

The state also seeks to justify Stringer's arrest on the ground that the arresting officer acted in good faith. The good-faith exception to the exclusionary rule occurs when an officer makes a judgmental error concerning the existence of facts sufficient to constitute probable cause if the officer has forthrightly set out the facts in an affidavit for a search warrant. *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984). However, the issues involved in the suppression of evidence obtained by a search warrant that was subsequently found invalid, are entirely different from those involved in the propriety of arresting someone on a bench warrant which law-enforcement officers knew or should have known had been recalled. *Albo v. State*, 477 S2d 1071 (Fla. App. 3 Dist. 1985); *Dean v. State*, 466 S2d 1216 (Fla. App. 4 Dist. 1985); *People v. Joseph*, 470 NE2d 1303 (Ill. App. 1 Dist. 1984). The proper focus of inquiry in this case is whether the Richmond County Sheriff's Department knew or should have known that their information about the bench warrant was incorrect. If the information was incorrect or incomplete and they are at fault, they should not be permitted to rely upon it and justify an arrest based upon it. The primary reason for the exclusionary rule is to deter police misconduct, whether it be negligent or intentional.

---

[1] In *Kametches v. State*, 242 Ga. 721 (2) (251 SE2d 232) (1978), this Court, in deciding the validity of a "bench warrant," based its decision in part upon the routine practice and procedure permitted by the solicitor.

As was stated in *Albo*, 477 S2d at 1076:

[A] contrary holding — which would sanction evidence seized through the arrest of any citizen merely because he has once been legally subject to apprehension — would affirmatively encourage the careless, perhaps deliberately neglectful, failure to delete names from that proscribed list on what would then be the correct theory that the longer the list, the more persons subject to search and the consequent seizure of admissible evidence. Affirmance would therefore actually advance just that impermissible, indeed unconstitutional, conduct the exclusionary rule was expressly adopted to prevent.

In this case, the warrant was 21 months old; such warrants were routinely returned after 24 months; the warrant had not been served during this period although Stringer lived with his father at a known address; and the arresting officer had the warrant in his possession for eight days before executing it, during which time he could, and should, have verified its status from the sheriff's docket book. The documented collective knowledge and negligence of the law-enforcement department must be imputed to the officer executing the bench warrant. *People v. Ramirez*, 668 P2d 761 (Cal. 1983); *United States v. Mackey*, 387 FSupp. 1121 (Nev. 1975). The state's reliance upon *Maryland v. Garrison*, ___ U. S. ___ (107 SC 1013, 94 LE2d 72) (1987) and *Ledesma v. State*, 251 Ga. 487 (306 SE2d 629) (1983), is misplaced, as these cases are factually dissimilar. Mere receipt of a bulletin or "computer hit" does not provide probable cause justifying an arrest if the information in the computer system is inaccurate. *United States v. Hensley*, 469 U. S. 221 (105 SC 675, 83 LE2d 604) (1985); *Whiteley v. Warden*, 401 U. S. 560 (91 SC 1031, 28 LE2d 306) (1971). Nor has the state introduced any evidence of an attenuation between the illegal arrest and the three statements obtained from Stringer. *Taylor v. Alabama*, 457 U. S. 687 (102 SC 2664, 73 LE2d 314) (1982); *Brown v. Illinois*, 422 U. S. 590, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1988 —
RECONSIDERATION DENIED OCTOBER 26, 1988.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellant.

*Martin C. Puetz,* for appellee.