## S95G1743. HARVEY v. THE STATE.
(469 SE2d 176)

CARLEY, Justice.

On September 3, 1993, a bench warrant was issued in Cobb County for the arrest of Frederick Harvey. However, this bench warrant subsequently was recalled by an order entered on October 8, 1993. On October 12, 1993, a Fulton County police officer responding to a report of suspicious activity encountered Harvey who was standing with two other men. The officer asked for and received identification from all three of the men. Calling in the three names, the officer requested a computer check through the Georgia and National Crime Information Centers (NCIC). This computer check revealed the bench warrant for Harvey's arrest. The officer then asked his dispatcher to ascertain the status of the warrant and was told that it was still outstanding and valid. Harvey was then placed under arrest and, in a search incident to that arrest, cocaine was discovered. When Harvey was indicted for felony possession of cocaine with intent to distribute, he filed a motion to suppress on the ground that his arrest pursuant to the recalled bench warrant was unlawful. The trial court denied Harvey's motion and the Court of Appeals affirmed. *Harvey v. State,* 217 Ga. App. 776 (459 SE2d 433) (1995). We granted certiorari in order to review the opinion of the Court of Appeals.

The federal exclusionary rule, applicable only when evidence has been seized pursuant to an unlawful search, operates as "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect. . . ." *United States v. Calandra,* 414 U. S. 338, 348 (III) (94 SC 613, 38 LE2d 561) (1974). Therefore, any exception to the federal exclusionary rule is implicated only when evidence has been seized pursuant to an unlawful search. Thus, in *United States v. Leon,* 468 U. S. 897, 907 (II) (A) (104 SC 3405, 82 LE2d 677) (1984), the Supreme Court of the United States held that the exclusionary rule does not bar the introduction in the State's "case in chief of inherently trustworthy tangible evidence obtained in reliance on a search warrant issued by a detached and neutral magis-

trate that ultimately is found to be defective." However, that holding has no application in this case. Not only is *Leon* factually distinguishable because the evidence was seized from Harvey without a search warrant, the *Leon* "good faith" exception "is not applicable in Georgia in light of our legislatively-mandated exclusionary rule found in OCGA § 17-5-30. . . ." *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992). By its terms, OCGA § 17-5-30 authorizes no exception to Georgia's exclusionary rule when evidence has been seized unlawfully. OCGA § 17-5-30 (a) (1) and (2) clearly provide that "[a] defendant aggrieved by an unlawful search and seizure" is entitled to suppression of the evidence regardless of whether the unlawful search and seizure were accomplished with or without a warrant. Thus, as the Court of Appeals correctly held, the issue to be resolved in this case is whether the search *itself* can be upheld under an exception to the warrant requirement. Unless the warrantless search of Harvey was valid, then the seizure of the evidence was unlawful and OCGA § 17-5-30 (a) (1) mandates that Harvey's motion to suppress be granted.

A warrantless search is authorized if conducted pursuant to a lawful arrest. OCGA § 17-5-1. It is undisputed that Harvey was not lawfully arrested pursuant to the bench warrant itself, since that bench warrant had been recalled several days before Harvey was arrested. *Arizona v. Evans*, 514 U. S. ____ (115 SC 1185, 131 LE2d 34) (1995); *State v. Stringer*, 258 Ga. 605 (372 SE2d 426) (1988). However, the validity of an arrest is not necessarily dependent upon the existence of a valid arrest warrant because if the person detained is outside of his home and probable cause to arrest exists at the time of detention, a warrant is not required. *State v. Grant*, 257 Ga. 123, 125 (1) (355 SE2d 646) (1987). If, when the arrest is made, the facts and circumstances known to the arresting officer are sufficient to warrant a prudent person in believing that the accused had committed or is committing an offense, the warrantless arrest passes constitutional muster. *Callaway v. State*, 257 Ga. 12, 13-14 (2) (354 SE2d 118) (1987). Accordingly, resolution of this case ultimately is dependent upon whether, at the time of Harvey's arrest, the officer had probable cause to make that arrest. Compare *Arizona v. Evans*, supra at 1189, fn. 1 (wherein Arizona "conceded that [the] arrest violated the Fourth Amendment"); *State v. Stringer*, supra (wherein the State "stipulated that [the] arrest was not based upon probable cause").

At the moment the arrest was made, the officer knew that a valid bench warrant had been issued for Harvey's arrest. Compare *Whiteley v. Warden*, 401 U. S. 560 (91 SC 1031, 28 LE2d 306) (1971) (wherein no valid arrest warrant had ever been issued). "The radio transmission, which confirmed the outstanding warrants, established the necessary probable cause to arrest [Harvey]. [Cit.]" *Singleton v. State*, 194 Ga. App. 423 (1) (390 SE2d 648) (1990). It is of no conse-

quence that the officer later discovered that the validly issued bench warrant had been recalled. "[T]he existence of probable cause must be 'measured by current knowledge, i.e., at the moment the arrest is made and not hindsight. (Cit.)' [Cit.]" *Jackson v. State*, 191 Ga. App. 439, 441 (2) (382 SE2d 177) (1989).

The material inquiry is whether the facts within the officer's knowledge at the time of the arrest constituted reasonably trustworthy information which was sufficient to authorize a prudent person to believe that Harvey had committed an offense. *Callaway v. State*, supra at 13-14 (2). While the NCIC printouts would not be sufficient to authorize *conviction*, they have been held to be reliable enough to underlie " 'the reasonable belief which is needed to establish probable cause for arrest.' [Cits.]" *Paxton v. State*, 160 Ga. App. 19 (1) (285 SE2d 741) (1981). Thus, Harvey's arrest was lawful since the evidence shows that the officer was acting on reliable information that there was an outstanding felony warrant against Harvey. *Watts v. Cannon*, 224 Ga. 797, 798 (1) (164 SE2d 780) (1968). In relying upon the computer report, the officer was

> quite wrong as it turned out, and subjective good-faith belief would not in itself justify either the arrest or the subsequent search. But sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the officer['s] mistake was understandable and the arrest a reasonable response to the situation facing [him] at the time.

*Hill v. California*, 401 U. S. 797, 804 (II) (91 SC 1106, 28 LE2d 484) (1971).

Although in arresting Harvey, the officer relied upon the misinformation from the NCIC, he neither knew, nor could be reasonably expected to have known, that the information was incorrect when he made the arrest. The information, which subsequently was proven wrong, was stale by only four days. This Court, in hindsight, will not declare an arrest to be invalid when the arresting officer reasonably relied upon information which he had no reason to think was incorrect. *Commonwealth v. Riley*, 425 A2d 813, 816 (I) (Pa. Super. 1981). See also *In re R. E. G.*, 602 A2d 146, 149 (II) (D.C. App. 1992); *Childress v. United States*, 381 A2d 614, 616 (I) (D.C. 1977).

*State v. Stringer*, supra, is not authority for a contrary holding. The officer in that case obtained no reliable information from the NCIC or any other source that the bench warrant was still valid and, as previously noted, the State stipulated that probable cause for the arrest did not exist. Probable cause for an arrest does not depend on, and is an entirely separate question from, the existence of a valid

bench warrant and its reasonable execution. *Stewart v. Williams*, 243 Ga. 580, 583 (2) (255 SE2d 699) (1979). See also OCGA § 17-7-90. Because of the stipulation in *Stringer*, this Court was concerned only with the validity of the bench warrant and not, as in the instant case, with the effect of a recalled bench warrant on the determination of probable cause for a warrantless arrest. Furthermore, anticipating the future holding in *Gary*, this Court refused to apply the *Leon* "good-faith" exception so as to authorize the admission of evidence seized pursuant to what had been stipulated to be an invalid arrest. There is no such stipulation as to the invalidity of Harvey's arrest, the officer who arrested Harvey obtained information from a reliable source which indicated the continuing effectiveness of a bench warrant, and, because probable cause for Harvey's warrantless arrest existed, the applicability of the *Leon* "good faith" exception is not implicated by this case. It follows that the Court of Appeals correctly affirmed the denial of Harvey's motion to suppress on the basis of the existence of probable cause for his arrest.

*Judgment affirmed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who dissent.*

BENHAM, Chief Justice, dissenting.

I concur fully with Justice Sears's dissent and write separately to address the majority opinion's treatment of *State v. Stringer*, 258 Ga. 605 (372 SE2d 426) (1988), and *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992).

The majority opinion's attempt to distinguish *Stringer* on the ground that there was no stipulation in this case that the bench warrant was invalid is ineffective: though there is no stipulation here, there is no question of fact regarding the validity of the warrant. A stipulation contains no magic, but is merely a device to dispense with the need for formal proof. See *Whatley v. State*, 189 Ga. App. 173 (4) (375 SE2d 245) (1988). The uncontradicted evidence in this case that the warrant was invalid is the functional equivalent of the stipulation in *Stringer* and cannot serve to distinguish that case from this one. Just as there was no probable cause in *Stringer* other than the invalid warrant, there was no probable cause in this case.

The fact that there was an NCIC check in this case does not change the fact that here, as in *Stringer*, the warrant had been recalled. *Paxton v. State*, 160 Ga. App. 19 (1) (285 SE2d 741) (1981), the case cited in the majority opinion for the proposition that NCIC printouts provide probable cause for arrest, involved not an invalid arrest warrant, but information that the car the officer saw had been stolen. In that case, the officer was entitled to arrest without a warrant because the officer had reliable information that Paxton was at that time driving a stolen car. There was nothing to justify the arrest

in the present case other than an invalid warrant. The effort to use this factor to distinguish *Stringer* from the present case ignores this Court's holding in the last paragraph of *Stringer*: "Mere receipt of a bulletin or 'computer hit' does not provide probable cause justifying an arrest if the information in the computer system is inaccurate. [Cits.]"

The citation to *Watts v. Cannon*, 224 Ga. 797 (1) (164 SE2d 780) (1968), for the proposition that the arrest was lawful because the officer was "acting on reliable information that there was an outstanding felony warrant against Harvey" is inaccurate. The warrant in that case, so far as the opinion shows, was valid. The unavoidable fact, which the majority opinion seeks to avoid, is that the warrant in the present case was invalid and was the only reason for the arrest.

The majority opinion incorrectly states that "probable cause for [Harvey's] warrantless arrest existed, . . . ." Since the actual basis for the arrest was the invalid search warrant, and no other basis for probable cause appears in this case, the majority opinion is bootstrapping — it finds the arrest to be supported by probable cause in the form of the arresting officer's good-faith belief that the warrant was valid, then attempts to use that finding to distinguish this case from *Stringer*. The plain fact of this case is that this was not a warrantless arrest on probable cause. This case involved only an arrest on an invalid warrant, as did *Stringer*. As Justice Sears notes correctly in her dissent, "*Stringer v. State* requires this Court to hold that Harvey's arrest pursuant to an invalid bench warrant constituted an arrest without probable cause. . . ."

Finally, I am compelled to note that the majority opinion, in its effort to avoid the effect of binding precedent without facing up to the necessity of overruling it, indulges in circular reasoning: the arrest pursuant to the warrant was invalid, but the search is valid if there was probable cause to arrest, and the warrant provided that probable cause. What the majority opinion asserts, in plain language, is that the warrant, although entirely invalid, provided sufficient probable cause to arrest. That is plainly contrary to reason and to the law of this state.

The other feature of the majority opinion which I feel compelled to address is the mention of *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992), followed by a holding which amounts to a sub silentio overruling of *Gary*. The reasoning leading to the holding that the arresting officer had probable cause to arrest is based on decisional authority taken out of context. The majority opinion quotes *Singleton v. State*, 194 Ga. App. 423 (1) (390 SE2d 648) (1990), as follows: "The radio transmission, which confirmed the outstanding warrants, established the necessary probable cause to arrest [Harvey]. [Cit.]" In *Singleton*, however, there was no question regarding the validity of the

warrant. The quoted statement was made in that case to refute the appellant's argument that the officers were required to have the warrants in their physical possession at the time of the arrest. That statement does not fairly stand, as the majority opinion used it, for the proposition that probable cause is established by information about the existence of a warrant which later proves to be invalid. If that were the holding in *Singleton*, it would be, as is the majority opinion, in direct opposition to *Stringer* and *Gary*.

This Court decided *Gary* less than three-and-one-half years ago. That decision was based on Georgia statutory law. If this Court is to turn around so quickly and overrule its holding in *Gary*, to abandon the principles stated in that case, it should do so honestly and forthrightly, not by purporting to honor it, and then deciding a case directly contrary to its principles. This case is governed by *Stringer*, which is directly on point, and by *Gary*, which clearly and directly rejected the process undertaken by the majority opinion. Under the existing decisional law of this state, the judgment of the Court of Appeals was erroneous and should be reversed.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join in this dissent.

SEARS, Justice, dissenting.

Because I conclude that *State v. Stringer*[1] requires this Court to hold that Harvey's arrest pursuant to an invalid bench warrant constituted an arrest without probable cause, and because the good-faith exception to the federal exclusionary rule is not applicable in this state, I dissent to the majority's holding that the Court of Appeals correctly affirmed the trial court's denial of Harvey's motion to suppress.

1. In *Stringer*, Stringer was arrested pursuant to a 21-month-old state-court bench warrant for two misdemeanor shoplifting charges. During custodial interrogation, Stringer implicated himself in a murder and armed robbery. Stringer filed a pre-trial motion to suppress the confession, on the ground that he was arrested on an invalid warrant. The trial court granted Stringer's motion, holding that there was evidence that Stringer had made several court appearances on the bench warrant and that the warrant had been recalled by another judge. This Court affirmed. We noted that "[t]he state stipulated that Stringer's arrest was not based upon probable cause but rather mere rumor,"[2] and then held that "if the bench warrant from the state court was not valid, then his arrest and the resulting statement must be suppressed." Id. at 605. We ruled that, for various reasons, the

---

[1] 258 Ga. 605 (372 SE2d 426) (1988).
[2] Id. at 605.

warrant had lost its validity over a year before his arrest and could not be relied on to validate Stringer's arrest.

We also rejected the state's contentions that the officers acted in good faith in relying on the bench warrant and that therefore the good-faith exception to the exclusionary rule should be applied to Stringer's arrest.[3] Critical to our holding in *Stringer* that good faith was not established was our finding that the arresting officer knew or should have known that the bench warrant was not valid.[4] Because we concluded that good faith did not exist, we did not have to decide whether the good-faith exception to the exclusionary rule should exist in Georgia. However, some four years later, when squarely presented with that issue, we held that the good-faith exception is not applicable in this state.[5]

2. The relevant facts of the present case are indistinguishable from *Stringer*. Harvey, as Stringer, was arrested pursuant to a bench warrant that the arresting officers thought to be valid but which was not. The majority makes several unavailing attempts to distinguish *Stringer*.

First, the majority at 673 states that "[t]he officer in [*Stringer*] obtained no reliable information from the NCIC or any other source that the bench warrant was still valid." As our opinion in *Stringer* is silent regarding the source of the officer's information regarding the bench warrant, it is difficult to understand how the majority can affirmatively state that the officer in *Stringer* had no reliable information. More significantly, however, the record in *Stringer* reveals that the officer was acting on information he received from the Georgia Crime Information Center,[6] a source as reliable as the NCIC.

The majority further attempts to distinguish *Stringer* by stating that in *Stringer* "the State stipulated that probable cause for the arrest did not exist;" by stating that there is no such stipulation in this case; and by then concluding that the invalid bench warrant provided probable cause for Harvey's arrest. The majority misses the mark in this interpretation of *Stringer*.

Because an arrest must *always* be supported by probable cause[7] (anything less would be unconstitutional), the state could not have been stipulating that probable cause for Stringer's arrest was completely lacking. Such a stipulation would have ended this Court's inquiry into the issue and would have required this Court to summarily

---

[3] See *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984).

[4] Id. at 606-607.

[5] *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992).

[6] See OCGA §§ 35-3-30 to 35-3-40.

[7] *Burnham v. State*, 265 Ga. 129 (2) (453 SE2d 449) (1995); *Clark v. State*, 217 Ga. App. 113 (456 SE2d 672) (1995).

affirm the trial court's grant of Stringer's motion to suppress. Instead, the state's stipulation to which this Court referred in *Stringer* must necessarily have been a more limited concession regarding probable cause, unrelated to the bench warrant.[8] Further, because the state relied on the bench warrant to support Stringer's arrest on appeal, and because probable cause is necessary to support any arrest, the state was necessarily contending that the warrant provided probable cause for Stringer's arrest. For this same reason, this Court, in evaluating the merits of that contention, was necessarily evaluating whether the bench warrant provided probable cause.

In addressing the state's contention that the bench warrant supported Stringer's arrest, we began with the premise that "if the bench warrant from the state court was not valid, then [Stringer's] arrest and the resulting statement must be suppressed."[9] As previously stated, we concluded that the warrant was not valid and could not, by itself, support the arrest. Further, conclusively demonstrating that probable cause was at issue in *Stringer*, we held in *Stringer* that the "[m]ere receipt of a bulletin or 'computer hit' does not provide *probable cause justifying an arrest* if the information in the computer system is inaccurate."[10]

In sum, *Stringer* holds that receipt of information that a person is the subject of an outstanding bench warrant does not provide probable cause to arrest if that information is invalid. Although we also evaluated whether Stringer's motion to suppress could be denied based upon the good-faith exception to the exclusionary rule, our decision in *Gary v. State*[11] precludes the application of the *Leon* good-faith exception in the present case.

Accordingly, the rationale and holdings in *Stringer* compel the conclusion that Harvey's invalid bench warrant cannot be relied upon to hold that probable cause existed for his arrest. Further, because the good-faith exception to the exclusionary rule is inapplicable, the trial court should have granted Harvey's motion to suppress the evidence discovered pursuant to his arrest.

For these reasons, I dissent to the majority opinion. I am authorized to state that Chief Justice Benham and Presiding Justice Fletcher join in this dissent.

---

[8] For example, the state could have been stipulating that the information the arresting officers had regarding Stringer's participation in the murder did not provide probable cause for an arrest.

[9] Id. at 605.

[10] *Stringer*, 258 Ga. at 607.

[11] 262 Ga. 573.

DECIDED APRIL 29, 1996 —
RECONSIDERATION DENIED MAY 17, 1996.

*Steve W. Reighard,* for appellant.

*Lewis R. Slaton, District Attorney, Juliette W. Scales, Assistant District Attorney,* for appellee.

*Colette B. Resnik, Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito,* amicus curiae.