### A01A0516. EMERY v. THE STATE.
(548 SE2d 23)

ELLINGTON, Judge.

Carl Emery appeals his conviction for possession of cocaine with intent to distribute, OCGA § 16-13-30, and possession of marijuana, OCGA § 16-13-30. He challenges the trial court's order denying his motion to suppress evidence illegally seized. Because the contraband introduced against Emery was the product of an illegal stop and subsequent search, we must reverse the trial court's judgment.

In reviewing a motion to suppress, the evidence is construed most favorably to uphold the trial court's findings and judgment, and the court's findings on disputed facts and credibility will be adopted unless they are clearly erroneous. *Redd v. State*, 229 Ga. App. 364, 365 (494 SE2d 31) (1997). Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to the undisputed facts is subject to de novo review. *State v. Becker*, 240 Ga. App. 267-268 (523 SE2d 98) (1999). Viewed in this light, the record reveals that on May 1, 1998, investigators with the Richmond County Sheriff's Department executed a search warrant at 1918 Boykin Place. Only Carl Emery's brother, Robert, was named in the warrant. An investigator, through a confidential informant, previously made a controlled buy of cocaine at that address from Robert. The State adduced no evidence which suggested Carl had been involved in the prior sale, was present on the premises during any illegal activity, or was a target of the investigation.

Prior to executing the warrant, the investigators watched Robert Emery's house. Because the house was fortified with burglar bars, the investigators decided to wait until Robert left, stop him, and then use his keys to get in. They saw Carl and Robert emerge from the house and go their separate ways. When Carl was about a mile away from the house, one of the investigators stopped him and took him back to the house. The investigators could distinguish Carl from Robert, they did not stop Carl to determine whether he was Robert, nor were they under the mistaken belief that Carl was Robert. An investigator took Carl's keys from his pocket and used them to enter the house. When both Carl and Robert had been returned to the house, the investigators executed the warrant.

A search of the home revealed $4,213 in cash, a set of digital scales, and two hand-held scales. The investigators also searched

Robert and Carl. A search of Carl's person revealed a small amount of marijuana and cocaine concealed in the foot of his right sock. The investigator conducting the search of Carl's person did not feel the contraband during a pat-down for weapons. Rather, he discovered it only upon asking Carl to remove his shoes and socks. After Carl was arrested, the investigators learned there was an outstanding bench warrant for Carl's arrest and that Carl also resided at 1918 Boykin Place.

The admissibility of the cocaine and marijuana evidence begins with an analysis of the legality of Carl's initial stop and detention. Under the circumstances of this case, the admissibility of that evidence does not turn "upon the restricted power of police to detain the occupants of a premises while a warranted search is conducted." *Garmon v. State*, 271 Ga. 673, 676 (1) (524 SE2d 211) (1999). Although a search warrant " 'implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted,' " id., citing *Michigan v. Summers*, 452 U. S. 692 (101 SC 2587, 69 LE2d 340) (1981), that analysis does not extend to a person whose status with respect to the premises is unknown, who has already left the premises, and who the police know is not named in the warrant. See *State v. Mallard*, 246 Ga. App. 357 (541 SE2d 46) (2000); *Fritzius v. State*, 225 Ga. App. 642, 645-646 (484 SE2d 743) (1997). Instead, a law enforcement officer may make an investigatory stop of such a person when, under the totality of the circumstances, the stop can be justified "by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *Garmon v. State*, 271 Ga. at 676 (2); *State v. Mallard*, 246 Ga. App. at 361; see *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

In this case, Carl was stopped when he was over a mile away from the premises. The State adduced no evidence which would support a founded suspicion that Carl was then engaged in or about to be engaged in any illegal activity. Although the arresting investigator later learned that Carl was a resident of the house to be searched and that there was a bench warrant outstanding for his arrest, those facts were not within the investigator's knowledge at the time of arrest. Therefore, those facts may not be used in support of a finding of reasonable articulable suspicion. Cf. *Harvey v. State*, 266 Ga. 671, 673 (469 SE2d 176) (1996). Under the totality of the circumstances, the stop was unlawful, and the evidence seized as a result of the subsequent search of Carl's person must be suppressed. *State v. Mallard*, 246 Ga. App. 357.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED APRIL 11, 2001.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.