A02A1581. NATIONAL VIATICAL, INC. et al. v. STATE OF GEORGIA.
(574 SE2d 337)

JOHNSON, Presiding Judge.

This case arises from a criminal investigation by the State of Georgia's Office of the Commissioner of Insurance ("the Commissioner") into the business practices of National Viatical, Inc., Explore Financial Group, Inc., NVT Trust, James Torchia, and Michael Sullivan. Torchia and Sullivan are the CEO and CFO of National Viatical, Inc. Sullivan owns Explore Financial Group, which acted as a marketing company for National Viatical, Inc.

National Viatical, Inc. is in the viatical settlement business. The company locates life insurance policies which insure the lives of terminally ill persons, purchases the right to receive the death benefit

from the insured persons, and pays the insured persons (viators) amounts less than the death benefit amounts payable under the insurance policies. The company then sells the right to receive the death benefits to others, and the purchasers of the viatical settlements become the beneficiaries of the life insurance policies. The purchasers' funds are held in escrow in the NVT Trust and then, upon the viators' death, are distributed to the purchasers in the face amount of the insurance policies.

The Commissioner's investigation involves reports that the appellants (collectively "National Viatical") solicit investments in viatical contracts through false statements that the investments are insured against loss through Lloyd's of London. According to the Commissioner, Lloyd's of London rejected National Viatical's application and the investments are not insured through Lloyd's of London. National Viatical does not claim that the investments are insured, but urges that Lloyd's of London only rejected its application because the Commissioner informed Lloyd's that National Viatical was being investigated for fraud.

In August 2001, the Commissioner obtained a warrant to search the business premises of National Viatical, Inc. The Commissioner seized computer equipment and documents from the offices of National Viatical. When National Viatical asked for the return of the property, the Commissioner returned the equipment and offered to give copies of the documents to National Viatical for a copying fee.

In response, National Viatical filed a civil action entitled "Motion to Compel the Return of Seized Property and to Suppress the Evidence Seized." The Commissioner returned the original documents to National Viatical, rendering the motion to return the seized property moot.

The trial court denied and dismissed National Viatical's motion to compel the return of property and to suppress evidence. In addition to finding that the seized property had already been returned, the trial court found that because the appellants are not defendants in any criminal or condemnation action, they lack authority under OCGA § 17-5-30 to file a motion to suppress. The court added that any ruling on a motion to suppress prior to the filing of criminal charges would be purely academic. Based on those findings, the trial court expressly declined to decide whether the investigation was conducted in an unfair or unlawful manner.

1. National Viatical contends the trial court erred in ruling that only a person who has been arrested and charged with a crime as a defendant has a right to bring a motion under OCGA § 17-5-30. We agree with the trial court.

OCGA § 17-5-30 (a) provides that "[a] *defendant* aggrieved by an unlawful search and seizure may move the court for the return of

property, the possession of which is not otherwise unlawful, and to suppress as evidence anything so obtained. . . ." By its terms, OCGA § 17-5-30 applies only to motions made by criminal defendants.[1] It is undisputed that none of the appellants in this appeal is a defendant in a criminal proceeding. Had the legislature intended the statute to apply to any *person*, it could have so provided. As written, the statute relied upon is inapplicable.

The cases upon which National Viatical relies to support its argument are inapposite because they all involve defendants charged in criminal cases.[2] Although one or more of the appellants in this case may at some point be charged in a criminal proceeding, none has been thus far. This Court will not venture an opinion as to the legality of future actions which may or may not occur.[3] Accordingly, National Viatical's appeal from the trial court's order denying its motion to suppress is, in essence, premature.[4]

2. National Viatical contends the trial court erred in not requiring the Commissioner to prove in a hearing that he had jurisdiction to conduct the investigation that led to the issuance of the search warrant. As discussed in Division 1, National Viatical was not authorized under OCGA § 17-5-30 to move to suppress evidence prior to the filing of any criminal charges. Thus, it was not necessary for the Commissioner to prove he was authorized to conduct the investigation which led to the issuance of the warrant and seizure of documents.

In any event, we note that the Commissioner was investigating claims that National Viatical misled investors as to whether the investments were insured by Lloyd's of London. It is within the authority of the Commissioner of Insurance to investigate such an allegation.[5] This enumeration is without merit.

3. Because the law of Georgia is indisputably clear on the issues raised in this appeal, the Commissioner's motion for a frivolous appeal penalty to be assessed against Torchia and Sullivan pursuant to Court of Appeals Rule 15 (b) is granted. Upon return of the remittitur, the trial court is hereby directed to enter judgment for a $1,000 penalty against the appellants and in favor of the Commissioner.

*Judgment affirmed and motion for frivolous appeal penalty granted. Blackburn, C. J., and Miller, J., concur.*

---

[1] *Brown v. State*, 192 Ga. App. 864, 865 (2) (386 SE2d 734) (1989).

[2] See *Barnett v. State*, 123 Ga. App. 369 (180 SE2d 921) (1971); *State v. Johnston*, 160 Ga. App. 71 (286 SE2d 47) (1981); *Harvey v. State*, 217 Ga. App. 776 (459 SE2d 433) (1995).

[3] *State v. Adams*, 209 Ga. App. 141, 142 (2) (433 SE2d 355) (1993).

[4] See id.

[5] See, e.g., OCGA §§ 33-1-16 (h); 33-6-4 (b) (1), (2); 33-6-5 (6).

DECIDED OCTOBER 22, 2002 —
RECONSIDERATION DENIED NOVEMBER 18, 2002 

*McGarity & Lloyd, Terry L. Lloyd,* for appellants.

*Thurbert E. Baker, Attorney General, Robert S. Bomar, Deputy Attorney General, Harold D. Melton, Senior Assistant Attorney General, Sidney R. Barrett, Jr., Assistant Attorney General,* for appellee.