A93A1978. KENDRICK v. THE STATE.
(440 SE2d 53)

POPE, Chief Judge.

Defendant Arthur Nathaniel Kendrick appeals from his conviction for robbery.

1. Defendant first argues there was not sufficient evidence for a rational finder of fact to find him guilty of robbery beyond a reasona-

---

ble doubt. Construing the evidence in the light most favorable to support the verdict, the evidence showed that on August 19, 1992, defendant entered an Amoco Gas and Food Mart located in Cobb County. He purchased a beer and then asked the store clerk for matches. When the clerk bent down to get matches for him, defendant reached into the cash drawer of the register, took approximately $40 and ran out of the store. At trial the clerk at the store identified defendant as the person who took money from the cash drawer. She further testified that although she did not see him reach into the drawer, she felt his hand touch her while she bent down and as he ran from the store she saw money in his hand.

Defendant's actions at the counter were recorded on videotape by a camera located behind the register area. The State presented that tape as evidence at trial.

The State also presented the testimony of a former employee of the store who testified he was at the store to make a purchase at the time defendant was there and noticed an unoccupied car with the motor running backed up beside the side of the store that did not have any windows. He became suspicious and wrote down the tag number of that car. As he started to enter the store, a man ran past him and sped away in the car. The State also presented testimony that a check of the tag number revealed the car was registered to defendant's wife.

Defendant testified on his own behalf and did not deny he was at the store that evening. He testified that after the clerk bent down, he saw some matches and reached over and grabbed them and the beer he had purchased, then left the store. " 'Judging the credibility of witnesses and weighing the evidence are functions within the province of the jury. . . . [Cit.]' " *Turner v. State*, 206 Ga. App. 683, 684 (426 SE2d 168) (1992). The jury was authorized to reject the defendant's explanation and accept the testimony of the witnesses presented by the State. There was sufficient evidence to authorize defendant's conviction.

2. Defendant also argues his warrantless arrest in his home was illegal. In support of his argument defendant relies upon *Payton v. New York*, 445 U. S. 573 (100 SC 1371, 63 LE2d 639) (1980) and other cases involving both a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest.

In this case, shortly after the robbery two Cobb County detectives were called to the Amoco Gas and Food Mart where they viewed the videotape of the alleged robbery. They also ran a tag check on the vehicle used by the robber and learned it was registered to defendant's wife at a Fulton County address. They proceeded to that address but the vehicle was not located there. They checked another area where they suspected the vehicle might be located and returned to the street where defendant lived. They spotted the vehicle several

houses away from defendant's house with a man sitting in the passenger's seat. They approached the car and talked to the passenger, who told them defendant had promised to take him home after he checked in with his wife.

With the passenger accompanying them, the officers approached defendant's house. His wife answered the door, and when the detectives questioned her about the location of her car, she was surprised to learn it was not in the carport. She asked the detectives to come inside the house and called for her husband. When he came into the room, the detectives recognized him as the man in the videotape. Because they were in the City of Atlanta's jurisdiction, one detective questioned defendant, his wife and the passenger about whether the car had been stolen while the other detective radioed for back-ups from the City of Atlanta to assist them. Although defendant originally denied that he was driving the car on the night in question and tried to make it appear that the passenger had taken the car, he finally admitted he was driving the car. He testified that he then told the detectives to leave if that was "all they had."[1] The detectives then told defendant they had viewed a videotape of a robbery at a convenience store and he was the man depicted on the tape. Defendant denied any involvement in a robbery and violently resisted arrest. Only after back-ups from the City of Atlanta Police Department arrived were the officers able to subdue him and take him into custody.

"Absent exigent circumstances or consent, an entry into a private home to conduct a search or to effect an arrest is unreasonable without a warrant. See *Thompson v. State*, 248 Ga. 343 (285 SE2d 685) (1981)." *Animashaun v. State*, 207 Ga. App. 156, 158 (427 SE2d 532) (1993). In this case it is undisputed that defendant's wife, who had common authority over the house she shared with defendant, gave the detectives permission to enter. They were legally inside the house when they saw defendant and recognized him as the man depicted on the videotape. Defendant contends he revoked any permission they had to be inside his house by asking them to leave and their continued presence there and his subsequent arrest are illegal. Assuming defendant asked the detectives to leave if all they were there to find out was whether his wife's car was stolen, his statement implied they had permission to stay if they had other matters of inquiry, which they did. Furthermore, only defendant's wife could revoke her consent and there is no evidence defendant's wife indicated agreement with the defendant's request or otherwise acted in a manner to revoke her consent. Defendant was legally arrested during a consensual entry of his home. See *Animashaun*, 207 Ga. App. at 158; *Hollinger v.*

---

[1] One detective denied that defendant made that statement.

*State*, 195 Ga. App. 649 (2) (394 SE2d 603) (1990); *Watson v. State*, 159 Ga. App. 618, 619 (284 SE2d 636) (1981).

3. Defendant contends the trial court committed reversible error by allowing testimony concerning how he violently resisted arrest and damaged police property while being transported after arrest. It is well settled that all circumstances surrounding a defendant's arrest are admissible for whatever value the jury desires to place on them, even when the evidence might incidentally place the defendant's character in issue or otherwise be prejudicial. *Coney v. State*, 198 Ga. App. 272 (3) (401 SE2d 304) (1991).

4. Defendant claims he did not receive effective assistance of counsel. The record reveals that this claim was properly first made on appeal since appeal marks the first appearance of new counsel. *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991).

We remand the case to the trial court for a hearing and appropriate findings concerning defendant's claim of ineffective assistance of counsel. *Lamb v. State*, 263 Ga. 118 (4) (428 SE2d 349) (1993).

*Judgment affirmed and case remanded. Birdsong, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 23, 1993.

*Sharon L. Melcher*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.