A95A2412. THE STATE v. WILLIAMS.
(469 SE2d 261)

RUFFIN, Judge.
Gregory Williams was indicted for possession of marijuana with intent to distribute. The State appeals from the trial court's order granting Williams's motion to suppress. For reasons which follow, we affirm.

Viewed in a light to support the trial court's ruling, the evidence showed that Officers Ethridge and Sapp stopped two cars, one for a broken taillight and the other for no license plate. While Ethridge tended to the car with no tag, Sapp watched the other car which contained Williams and his co-defendant, Flemming Martin. When Ethridge finished with the first car, Sapp told him that he saw the driver of the second car hand the passenger "money and something else" and the passenger put what he had been handed in his pocket. Ethridge then removed the passenger, Williams, from the car and asked what he had been handed by the driver, Martin. Ethridge also asked whether Williams was carrying a weapon, and Williams responded that he was not. Ethridge testified that fearing for his safety, he then patted down Williams for weapons. While doing so, Ethridge felt an object "like a bag with something in it" in Williams's pants pocket and asked Williams what it was. Williams responded that it was only money. Ethridge testified that he "knew there was something in there other than money" and that "for everybody's safety" he therefore handcuffed Williams. Ethridge then reached into Williams's pocket and pulled out money and a clear plastic bag containing marijuana.

Ethridge admitted that during the pat-down, he did not feel anything that felt like a typical weapon such as a knife, gun, stick, pepper spray, or mace. When asked whether he felt anything that felt like an atypical weapon, Ethridge responded, "I didn't know. When I felt the object in the pants pocket, I knew it was not a knife or a gun. I didn't know what it was. I knew it was something more than money. . . . I could tell . . . by palpating that there was something else in the

pocket, and . . . him saying there was only money in the pocket, made me very anxious and very concerned that it might be a weapon."

1. The State never argues that the motion to suppress should have been denied because Ethridge's continued search was authorized as a protective weapons search under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). Rather, citing *Minnesota v. Dickerson*, 508 U. S. ___ (113 SC 2130, 124 LE2d 334) (1993), it argues that the seizure of the plastic bag was valid because its contraband nature was readily apparent to Ethridge. We disagree.

In *Dickerson*, the Supreme Court held that the "plain feel" corollary to the "plain view" doctrine allows an officer to seize contraband which is plainly identified through the officer's sense of touch during a valid *Terry* pat-down: "If a police officer lawfully pats down a suspect's outer clothing and feels an object *whose contour or mass makes its identity immediately apparent*, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context." (Emphasis supplied; footnote omitted.) Id. 124 LE2d at 346. Applying these principles to the particular facts of the case, however, the Supreme Court in *Dickerson* "found that the officer had overstepped the bounds of a *Terry* patdown by squeezing, sliding, and manipulating the object in the suspect's pocket before identifying it, even after determining that the pocket contained no weapon. [Cit.]" *Seaman v. State*, 214 Ga. App. 878, 879 (2) (449 SE2d 526) (1994).

In this case, Ethridge maintained alternatively that he searched Williams's pocket because he was concerned that the unidentified object which felt like a bag could be a weapon and because it could "possibly" be contraband. With respect to the possibility of contraband, Ethridge testified that he "really couldn't tell" what kind of contraband it might be. Even after palpating and feeling Williams's pocket, Ethridge testified that "[a]ll I could tell was basically that it was something in a bag. Before I reached in . . . his pocket, I felt . . . it again and I could pretty well tell that it was not crack cocaine or the feel of crack cocaine, that it was a bag and that there was something in it. I did not know if it would be marijuana or cocaine or heroin or what it might be."

Taking this testimony at face value, we find that the object's contour did not make its identity immediately apparent to Ethridge, even after he palpated Williams's pocket. Accordingly, his continued exploration of Williams's pocket was not authorized under the plain feel doctrine or *Dickerson*. And although the State never argues that the continued search was authorized as a protective weapons search

under *Terry*, to the extent the trial court found that explanation unconvincing, such was not clearly erroneous given that Williams was handcuffed and that Ethridge conceded that the object did not feel like a knife, gun, stick, or mace, but rather like a plastic bag, thereby making his continued exploration of the pocket unrelated to the sole justification of a protective *Terry* search.

2. The State contends the motion to suppress should have been denied under the totality of the circumstances because there was probable cause to arrest and search Williams. Specifically, the State argues that based on Sapp's testimony, the marijuana was in plain view. Sapp testified that when he and Ethridge approached Williams and asked what the driver had given him, Williams replied money and pulled from his pocket a wad of money which had a small zip lock bag protruding. Ethridge, however, never testified to this version of events.

Whether the plastic bag or the marijuana in it was ever in the plain view of Sapp was an issue of fact for the trial court. "When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *State v. Foster*, 209 Ga. App. 143, 144 (433 SE2d 109) (1993). Because there was sufficient evidence to support the trial court's order, we find no error.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 6, 1996.

*John R. Parks, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellant.
*Mark G. Pitts*, for appellee.