A96A2242. BOATRIGHT v. THE STATE.
(483 SE2d 659)

BLACKBURN, Judge.

The trial court denied Edwin Kenneth Boatright's motions to suppress, and he appeals. Boatright was stopped for a traffic violation and searched. When marijuana was discovered on his person, he was arrested. Boatright's probation officer then issued a probation warrant for his arrest for violating the terms of probation. Boatright was arrested on the probation warrant, consented to a search of his house, and additional marijuana was discovered during the search of the house.

1. Boatright contends the December 3, 1994, search of his person during the traffic stop was illegal. Although he concedes the stop itself was valid, Boatright's clothing was patted down for weapons during the stop. In one of Boatright's pockets, the investigating officer felt what he believed to be "some type of plastic," although when asked, Boatright identified the object as keys. Skeptical of this explanation, the officer then stuck his hands into Boatright's pocket and pulled out a plastic bag containing marijuana. Further search of Boatright's pockets revealed more marijuana.

Despite the State's admission at the suppression hearing that the marijuana should be suppressed, the trial court denied Boat-

right's motion. On appeal of a trial court's decision on a motion to suppress, "the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Strickland v. State*, 221 Ga. App. 120, 121-122 (470 SE2d 508) (1996). Applying that standard to the facts of this case, Boatright's motion to suppress should have been granted.

Assuming without deciding that the officer reasonably believed a *Terry* pat-down search was necessary to protect him from attack, the search conducted exceeded the bounds of the "plain feel" corollary to the "plain view" doctrine established by *Minnesota v. Dickerson*, 508 U. S. 366 (113 SC 2130, 124 LE2d 334) (1993). Under the "plain feel" doctrine, an officer can "seize contraband which is plainly identified through the officer's sense of touch during a valid *Terry* pat-down." *State v. Williams*, 220 Ga. App. 100, 101 (1) (469 SE2d 261) (1996). "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." *Dickerson*, supra at 375-376.

The facts of this case are identical to those of *Williams*, supra. In *Williams*, the officer patted down the defendant and felt an object through a pocket which he knew was not a weapon. Id. at 100. The officer could not identify the object, but did not accept the defendant's explanation that the object was money. Upon removing the object from the defendant's pocket, the officer discovered money and a plastic bag containing marijuana. Id. Similarly, the officer who searched Boatright testified he felt an object in Boatright's pocket, but knew that it was not a gun or a knife. He could not identify the object beyond "plastic," and manipulated the object in the pocket, pinching it and patting it to determine exactly what it was. Upon removing the object from Boatright's pocket, the officer discovered a plastic bag containing marijuana.

"Taking this testimony at face value, we find that the object's contour did not make its identity immediately apparent to [the officer], even after he palpated [the defendant's] pocket. Accordingly, his continued exploration of [the defendant's] pocket was not authorized under the plain feel doctrine or *Dickerson*." *Williams*, supra at 101. In this case, the officer, by his own testimony, could not *immediately identify* the plastic as contraband *upon touching it*. The trial court therefore erred in not granting Boatright's motion to suppress.

2. Boatright contests the trial court's denial of his motion to suppress the December 9, 1994, search of his home. Boatright was arrested in his home on December 9 pursuant to a probation warrant issued after his probation officer learned of the marijuana traffic stop. Upon arrest, although the officers had not obtained a search warrant, Boatright consented to a search of his house, and marijuana was discovered. The evidence is uncontroverted that the probation arrest warrant issued was based exclusively upon the marijuana offense of December 3. Citing the fruit of the poisonous tree, Boatright contends that the December 9 search must therefore be suppressed.

Georgia's exclusionary rule is codified at OCGA § 17-5-30, and it provides for the suppression of evidence obtained by an unlawful search and seizure conducted either with or without a warrant. Unlike the federal law, there is no good-faith exception to this exclusionary rule in Georgia. *Gary v. State*, 262 Ga. 573, 574 (422 SE2d 426) (1992). "[T]he introduction of evidence obtained by officers reasonably relying on a warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause" has no application in Georgia jurisprudence due to the legislative mandate of OCGA § 17-5-30. Id.

In this case, the probation arrest warrant reasonably relied upon by the arresting officers was invalid, because it resulted directly from the illegal search of December 3. See *Jones v. State*, 126 Ga. App. 841, 845 (192 SE2d 171) (1972) (fruit of illegal search cannot be used as basis of arrest). Applying the rule of *Gary*, supra, to these facts, no evidence obtained as a result of that warrant could be introduced against Boatright at trial. It is also necessary, however, to examine this case in light of the recent Supreme Court decision of *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996).

In *Harvey*, the defendant was arrested on a bench warrant which, unbeknownst to the arresting officer, had been recalled. Prior to arresting the defendant, the officer had a dispatcher do a computer check of the subject warrant, which check erroneously reported the warrant as valid. Id. In a search incident to the execution of the arrest warrant, cocaine was discovered. Id. The defendant's subsequent motion to suppress the cocaine was denied.

While recognizing that the defendant was not lawfully arrested pursuant to the bench warrant itself, the Supreme Court upheld the arrest on grounds that "the validity of an arrest is not necessarily dependent upon the existence of a valid arrest warrant because if the person detained is outside of his home and probable cause to arrest exists at the time of detention, a warrant is not required." Id. at 672. Examining the issue of probable cause, the court in *Harvey* stated that in that case, the recalled bench warrant, the erroneously

reported validity of which the officer had confirmed by radio transmission, was sufficient probable cause for arrest. "The existence of probable cause must be measured by current knowledge, i.e., at the moment the arrest is made and not hindsight. . . . This Court, in hindsight, will not declare an arrest to be invalid when the arresting officer reasonably relied upon information which he had no reason to think was incorrect." (Punctuation omitted.) Id. at 673.

In reaching this decision, the Supreme Court intentionally did not overrule *Gary*, supra, but instead factually distinguished it. Examining this case in light of both *Gary* and *Harvey*, Boatright's situation is more closely aligned with the facts of *Gary*, and *Harvey* is clearly distinguishable.

Like *Gary*, this case involves a search of the home, not a search of the person in a public place, as was the case in *Harvey*. Additionally, unlike *Harvey*, it was the *affirmative acts* of the police themselves which invalidated the warrants in this case and in *Gary*, not an administrative computer glitch. The affiant for the warrant in *Gary* did not present sufficient facts to establish probable cause, and the officer who searched Boatright in the traffic stop did so illegally. The computer error relied upon in good faith by the arresting officer in *Harvey* is therefore distinguishable from these two situations, and applying the principles of *Gary*, the invalid warrant was not probable cause for Boatright's arrest.

The invalid warrant notwithstanding, it is still possible, as stated in *Harvey*, for a warrantless arrest to be valid where the individual is arrested outside of his home and probable cause exists for the arrest. *Harvey*, supra at 672. Examining whether Boatright's arrest was valid under this standard, the evidence regarding Boatright's arrest is uncontroverted. De novo appellate review of that arrest is therefore appropriate. *Vansant v. State*, 264 Ga. 319 (443 SE2d 474) (1994). "While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant*, supra at 320.

With respect to the arrest, the undisputed facts show that Boatright was arrested *inside his home* without a valid warrant. One officer testified that after knocking on the door, it took Boatright 15 to 20 minutes to come to the door, although the lights and the television were on. Once Boatright opened the door, the officers stepped inside the house and arrested him.

Accordingly, Boatright's arrest fails even under the warrantless arrest standard of *Harvey*, supra. This is so because Boatright was

arrested inside his home without a warrant. "Absent exigent circumstances or consent, an entry into a private home to . . . effect an arrest is unreasonable without a warrant." (Punctuation omitted.) *Kendrick v. State*, 211 Ga. App. 599, 601 (2) (440 SE2d 53) (1993). "The purpose of the warrant requirement in the Fourth Amendment [of the United States Constitution] is to allow a neutral judicial officer to assess whether the police have probable cause to make an arrest or conduct a search." *Carranza v. State*, 266 Ga. 263, 265 (1) (467 SE2d 315) (1996), citing *Steagald v. United States*, 451 U. S. 204 (101 SC 1642, 68 LE2d 38) (1981). "The warrant requirement for an arrest in the home is imposed to protect the home, and anything incriminating law enforcement officers gain as a result of an illegal arrest taking place in the home should be excluded to deter such conduct." (Punctuation omitted.) *Carranza*, supra at 268, citing *United States v. McCraw*, 920 F2d 224 (4th Cir. 1990).

Applying this standard to the facts, the officers who arrested Boatright in his home had no valid warrant. There is no evidence of exigent circumstances, and no evidence of Boatright's consent to let the officers enter his home to arrest him. As Boatright's permission to search his home was given simultaneously with his illegal arrest, there is likewise no evidence of attenuation of the consent from the illegal arrest, as argued by the State. See generally *King v. State*, 211 Ga. App. 12, 14 (1) (438 SE2d 93) (1993). Boatright was involuntarily detained when he consented to the search, and even construing the evidence most favorably to uphold the trial court's findings, there is no evidence that Boatright's consent was anything other than a product of the illegal detention. See *VonLinsowe v. State*, 213 Ga. App. 619, 622 (2) (445 SE2d 371) (1994). Accordingly, the search must be suppressed, and the trial court erred in not granting Boatright's motion to suppress.

Finally, it is possible that a warrantless search of Boatright or his home may have been provided for by the terms of Boatright's probation. See *State v. Sapp*, 214 Ga. App. 428, 431 (3) (448 SE2d 3) (1994) (searches a special condition of probation). However, the terms of Boatright's probation were not included in the record for appellate review. See *Ross v. State*, 214 Ga. App. 385 (448 SE2d 52) (1994) (appellate decisions must be based upon the record). Although it was incumbent upon the State to prove the legality of the searches, it failed to either raise this issue or carry its burden of proof. See OCGA § 17-5-30 (b). The trial court's judgment is therefore reversed.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 5, 1997.

*Lane & Crowe, Grayson P. Lane*, for appellant.
*Glenn Thomas, Jr., District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.