A02A2028. WATTS v. THE STATE.
(574 SE2d 567)

MILLER, Judge.

Jerry Watts appeals from his convictions for violations of the Georgia Controlled Substances Act. However, in his notice of appeal, Watts did not request that a trial transcript be included as part of the appellate record, nor did he request any records relating to his sentencing. Indeed, he requested only that the indictment and final disposition be included in the appellate record. The absence of the trial and sentencing transcripts makes it impossible for this Court to review Watts's various enumerations of error concerning factual merger, double jeopardy, and improper sentencing. Cf. *Kegler v. State*, 267 Ga. 147, 148 (3) (475 SE2d 593) (1996). "It is the burden of the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review." (Citation and

punctuation omitted.) *Farris v. State*, 236 Ga. App. 241 (511 SE2d 601) (1999). Accordingly, we affirm.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 12, 2002 —
RECONSIDERATION DENIED NOVEMBER 25, 2002

Jerry Watts, *pro se.*

T. Joseph Campbell, District Attorney, Mickey R. Thacker, Erik J. Pirozzi, Assistant District Attorneys, for appellee.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*