A04A1084. THOMPSON v. THE STATE.
(603 SE2d 684)

BARNES, Judge.

John Thompson contends in this appeal that his sentence is void. We earlier affirmed his convictions for three counts of child molestation, two counts of rape, and one count each of obstructing a law enforcement officer and possessing a knife during the commission of a felony in *Thompson v. State*, 241 Ga. App. 295 (526 SE2d 434) (1999), finding no merit to his claim that the trial court erred in admitting evidence of a similar transaction. Thompson subsequently filed four applications for discretionary review, which were denied, and four more direct appeals. Three of those direct appeals were dismissed, leaving only this appeal, in which Thompson asserts that the trial court erred in considering his prior conviction in aggravation of his punishment during sentencing and in denying his motion to correct his sentence. For the reasons that follow, we affirm.

In his notice of appeal, Thompson directed the clerk to "forward only the trial transcript that contains the sentencing of the Appellant for inclusion on appeal." No portion of the transcript is included, and the record contains only Thompson's notice of appeal and letter to the trial court clerk. In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). "It is appellant's obligation to provide the record substantiating his claim, OCGA § 5-6-41, and in its absence, we must affirm as to that issue." (Citation and punctuation omitted.) *State v. Dukes*, 234 Ga. App. 343, 346 (2) (507 SE2d 147) (1998).

The record before us does not include Thompson's indictment, sentence, the State's motions, Thompson's motions, or the trial court's rulings, leaving nothing for us to review. Although the record in Case No. A04A1082, which was dismissed because Thompson improperly sought to appeal the trial court's denial of his motion for a certificate of immediate review, contains more information than the

record in this case, it still does not include a copy of Thompson's sentence. Therefore, we must affirm the trial court. *State v. Dukes*, supra, 234 Ga. App. at 346.

Judgment affirmed. *Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 11, 2004.

John Thompson, *pro se.*

Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney, for appellee.