A05A1660. ARNOLD v. THE STATE.
(624 SE2d 258)

BERNES, Judge.

Jessie Lamar Arnold appeals from the trial court's denial of his "Motion to Vacate Illegal Sentence." For the reasons set forth below, we affirm.

After a Houston County jury convicted Arnold of aggravated assault, rape, and several other offenses, Arnold appealed his conviction to this Court. We affirmed his conviction in *Arnold v. State*, 253 Ga. App. 387 (559 SE2d 131) (2002). Arnold did not raise in his direct appeal the sentencing issue raised in his subsequent "Motion to Vacate Illegal Sentence."

On April 1, 2005, Arnold filed his motion seeking to have his sentence vacated. He contended that his sentence was illegal and void because the trial court enhanced his sentence under the repeat offender statute, OCGA § 17-10-7 (a) and (c), based on prior felony convictions that were not set forth in the indictment or proven beyond a reasonable doubt to a jury. The trial court denied Arnold's motion, concluding that his sentence passed constitutional muster under both the state and federal constitutions.

Significantly, in his notice of appeal from the denial of his motion, Arnold did not request that the entire record be transmitted to this Court on appeal. Nor did Arnold more narrowly designate a specific portion of the transcript or records pertaining to his sentencing for transmission on appeal. The record on appeal contains only Arnold's

---

motion to have his sentence vacated, the trial court's order denying the motion, and Arnold's notice of appeal. It does not include a copy of Arnold's indictment, sentence, the records submitted at sentencing relating to his prior convictions, or the sentencing transcript.

> In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). "It is appellant's obligation to provide the record substantiating his claim, OCGA § 5-6-41, and in its absence, we must affirm as to that issue." (Citation and punctuation omitted.) *State v. Dukes*, 234 Ga. App. 343, 346 (2) (507 SE2d 147) (1998).

*Thompson v. State*, 269 Ga. App. 77 (603 SE2d 684) (2004). Accordingly, we must assume that the trial court ruled correctly and affirm. Id.

In any event, we note that Arnold's substantive challenge to his sentence is without merit. State and federal constitutional principles do not demand that prior felony convictions be set forth in the indictment and proven beyond a reasonable doubt to a jury in order to be used as a sentencing enhancement. See *Apprendi v. New Jersey*, 530 U. S. 466, 490 (IV), 496 (V) (120 SC 2348, 147 LE2d 435) (2000); *Almendarez-Torres v. United States*, 523 U. S. 224, 239-247 (III) (118 SC 1219, 140 LE2d 350) (1998); *Shields v. State*, 264 Ga. App. 232, 239 (5) (590 SE2d 217) (2003); *Schwindler v. State*, 254 Ga. App. 579, 589 (11) (563 SE2d 154) (2002). *Blakely v. Washington*, 542 U. S. 296 (124 SC 2531, 159 LE2d 403) (2004), upon which appellant relies, does not hold otherwise.

In *Blakely*, the Supreme Court ruled that a criminal defendant's Sixth Amendment right to a jury trial had been violated because his sentence was enhanced under the State of Washington's mandatory sentencing guidelines based on facts not supported by a jury verdict or admitted by the defendant. 542 U. S. at 301 (II)-313 (IV). However, in so ruling, the Supreme Court explicitly reiterated the general rule that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Citation and punctuation omitted; emphasis supplied.) Id. at 301 (II). "It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." *United States v. Cheek*, 415 F3d

349, 352 (II) (4th Cir. 2005). See also *United States v. Shelton*, 400 F3d 1325, 1329 (III) (A) (11th Cir. 2005). Hence, Arnold's argument is unpersuasive.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2005.

Jessie L. Arnold, *pro se.*

Kelly R. Burke, *District Attorney*, Artisha C. Johnson, *Assistant District Attorney*, for appellee.