A06A2132. REGISTER v. THE STATE.
(637 SE2d 761)

SMITH, Presiding Judge.

Following her conviction for methamphetamine possession, Meghan Register appeals from the trial court's denial of her motion to suppress the methamphetamine and other evidence found in a car in

which she was a passenger. Register argues that because the search yielding the evidence was incident to the execution of an arrest warrant which was later invalidated, the evidence must be suppressed. We agree and reverse.

The record shows that on November 15, 2004, Officer Sparks of the McDonough Police Department stopped a car because the driver and passenger were not wearing seat belts. After checking the license of the driver, James Johnson, Sparks searched the car and found a methamphetamine pipe, methamphetamine, marijuana, and $1,335 in cash. Johnson and the passenger, Ronald Mitchell, were taken into custody but were soon released. On November 19, Sparks obtained warrants for the arrest of both men on the basis of the drugs and cash found in the car.

The next day, November 20, 2004, Officer Brownlee of the same department, who had been given copies of the warrants, saw Johnson in front of him in line at a convenience store. Brownlee followed Johnson outside and saw him walk toward a white Oldsmobile with a woman in the front passenger's seat and a man in the rear driver's side seat. Brownlee identified Johnson and asked him whether he was with the other two. Johnson said that he was. While Brownlee was placing Johnson under arrest, the woman, Register, left the car and came toward Brownlee, who asked her to sit down on the curb. Brownlee then noticed that Mitchell was leaning out of the Oldsmobile with the door open. Brownlee went over to the car, identified him, and placed Mitchell under arrest, and then put handcuffs on Register as well.

Brownlee patted down Johnson, Mitchell, and Register and found methamphetamine and a large amount of cash on Johnson. He found nothing on Mitchell or Register. Brownlee then searched the Oldsmobile, the back seat of which contained a handbag and two backpacks. The handbag contained a baggie of methamphetamine, methamphetamine paraphernalia, and a credit card with Register's signature on the back. Register was then arrested.

After Register was charged with possession of methamphetamine, she moved to suppress the evidence found in the handbag, arguing that because she was arrested without a warrant and without probable cause, the evidence found in her purse was the product of an illegal search. The trial court orally denied the motion on the ground that the police had probable cause to search the car incident to the arrest of Mitchell. Before the court filed an order to that effect, however, Register renewed her motion, attaching copies of a court order granting Johnson's and Mitchell's motions to suppress arising from the same sequence of events. The rulings on Johnson's and Mitchell's motions were based on the conclusion that since the November 15 search of Johnson's car was illegal, the warrants based

on that search were invalid, and the evidence recovered in the course of executing them was therefore inadmissible. After a second hearing, however, the trial court denied Register's motion. Register was later convicted of methamphetamine possession and sentenced to five years probation.

Where, as here, the evidence on a motion to suppress evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo review. *State v. Murphy*, 246 Ga. App. 246 (540 SE2d 231) (2000).

Georgia's exclusionary rule, codified at OCGA § 17-5-30, "provides for the suppression of evidence obtained by an unlawful search and seizure conducted either with or without a warrant." *Boatright v. State*, 225 Ga. App. 181, 183 (2) (483 SE2d 659) (1997). There is no good-faith exception to this exclusionary rule in Georgia. *Gary v. State*, 262 Ga. 573, 574 (422 SE2d 426) (1992). "[E]vidence obtained by officers reasonably relying on a warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause has no application in Georgia jurisprudence." (Citation and punctuation omitted.) *Boatright*, supra, 225 Ga. App. at 183 (2). Here, as in *Boatright*, Register's property was searched pursuant to an arrest warrant which was invalid "because it resulted directly from the illegal search" of November 15.[1] Id.

The State cites *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996), for the proposition that a police officer may reasonably rely on a recalled warrant to search an automobile. As we previously held in *Boatright*, however, *Harvey* is distinguishable for two reasons: because the warrants there were invalidated by an "administrative computer glitch," and because probable cause existed independent of the invalid warrants. *Boatright*, supra, 225 Ga. App. at 184 (2). Here, Brownlee's attention was drawn to the Oldsmobile only by Johnson's identification of himself and his companions, and Brownlee searched the car pursuant to the arrest of Johnson and Mitchell, and not for any other reason. As in *Boatright*, then, "it was the *affirmative acts* of the police themselves which invalidated the warrants." (Emphasis supplied.) 225 Ga. App. at 184 (2). Because Sparks did not present facts sufficient to establish probable cause for the arrest of Johnson and Mitchell, and because Brownlee had no basis for the search of the Oldsmobile other than the apprehension of Johnson and Mitchell on the warrants Sparks thus obtained, Brownlee's search was illegal. Id.

---

[1] The trial court's grant of Johnson's and Mitchell's motions to suppress is not at issue in this appeal.

We therefore conclude that the trial court erred when it denied the motion to suppress the evidence against Register found in the Oldsmobile. Id.

*Judgment reversed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2006 —

*Wade M. Crumbley, Dale T. Preiser,* for appellant.
*Tommy K. Floyd, District Attorney, Alicia C. Gant, David E. Slemons, Assistant District Attorneys,* for appellee.