S06A1337. WATERS v. THE STATE.

(636 SE2d 538)

MELTON, Justice.

Ricardo Waters was convicted of malice murder, felony murder, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony relating to the shooting death of Kyon Shuemake. Waters appeals from the denial of his motion for a new trial.[1] For the reasons that follow, we affirm.

1. When viewed in a light most favorable to the verdict, the evidence shows that several eyewitnesses observed Waters' interaction with Shuemake. Waters followed Shuemake into a restaurant on the day the crime was committed and sat with Shuemake at the bar. Then, Waters repeatedly followed Shuemake in and out of the restaurant, and eventually chased Shuemake from the restaurant, firing at him at least nine times with a handgun. After the shooting, Waters jumped into a silver truck and sped away. The medical examiner testified that Shuemake died as a result of gunshot wounds to the torso. This evidence was sufficient to enable a rational trier of

---

[1] The crimes occurred on June 30, 2004. On July 16, 2004, Waters was indicted in Fulton County for malice murder, felony murder, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. Waters was found guilty on December 14, 2004 of all charges and sentenced to life for the malice murder plus five years for possession of a firearm during the commission of a felony. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the trial court merged the aggravated assault count into the malice murder count for purposes of sentencing. Waters' motion for a new trial filed on December 27, 2004, was denied on February 20, 2006. Waters' notice of appeal filed on March 17, 2006, was docketed in this Court on April 13, 2006, and submitted for decision on the briefs.

fact to find Waters guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Relying on *McCoy v. State,* 237 Ga. 62 (226 SE2d 594) (1976), Waters challenges the admission of identification testimony from two separate witnesses, arguing that each was shown an impermissibly suggestive lineup and that each witness' testimony indicated a likelihood of misidentification. Specifically, Waters contends that the color of his shirt, position of his head, and complexion in his photograph were different from the other photos in the first lineup, and that his photo in the second lineup was obtained from a Florida booking site while other photos were from an Atlanta database. Though Waters detailed the unique qualities of his photo in both instances, he failed to show how these differences would render either lineup unduly suggestive. *Williams v. State,* 275 Ga. 622 (2) (571 SE2d 385) (2002). Furthermore, the record does not indicate any action by police that would have led the witnesses to single out Waters in the photo lineups. Additionally, it is well established that if the court does not find that the lineup was suggestive then it need not reach the issue of whether there was a substantial likelihood of misidentification. *Williams v. State,* 272 Ga. 828 (2) (537 SE2d 39) (2000). Since Waters did not make a sufficient showing as to how the differences in his photos would have rendered the lineups or procedures suggestive, we find no abuse of the trial court's discretion in denying the motion to suppress.

3. Waters sought to suppress the admission of his arrest warrant into evidence, claiming that the warrant was improperly issued because it was not supported by probable cause. In reviewing the trial court's decision to deny the motion, this Court must examine whether the facts support a determination that the magistrate had a substantial basis to conclude that probable cause existed to issue the arrest warrant. See *Lemon v. State,* 279 Ga. 618 (1) (619 SE2d 613) (2005). A magistrate's decision to issue a warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court. Id.

The record here indicates that the magistrate issued a warrant based on facts contained in the police officer's affidavit for arrest. The affidavit documented that a witness identified appellant and stated that appellant was present at the scene of the crime. Another witness confirmed the identification through the six-photo lineup and testified to observing Waters carry out the actual crime. This information was sufficient to provide a magistrate a substantial basis to conclude that appellant was present at the crime scene and had committed the crime. Furthermore, as we determined above, the six-photo lineup was not suggestive. As such, the arrest warrant was properly issued

and the trial court did not abuse its discretion in denying the motion to suppress the arrest warrant.

Nonetheless, Waters contends that the affidavit contains misleading information: a representation that one witness was the victim's cousin and a statement that the suspect was identified by "witnesses via a 6 photo lineup." However, even if the allegedly misleading information in the affidavit were redacted, the remaining information would still be sufficient for the magistrate to find probable cause to issue the warrant. See *Evans v. State*, 263 Ga. App. 572, 574 (2) (a) (588 SE2d 764) (2003), citing *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978). There was no error.

4. Waters also appeals the trial court's denial of his motion to suppress certain statements he made to police. Three officers encountered Waters in Ft. Lauderdale, Florida in front of his parents' home and approached him with guns drawn. Waters was placed on the ground, handcuffed, and detained for ten to fifteen minutes while officers verified the warrant. The officers did not give Waters the *Miranda* warnings. Within two feet of Waters, the officers asked his father about the location of Waters' truck, and Waters overheard the conversation. Waters was then informed that he was under arrest, and was placed in the patrol car. While seated there, he initiated conversation and asked whether someone could "beat a murder charge," said that he was backed into a corner, that he had to defend himself and had acted in self-defense. While riding to the jail, Waters asked if there was a record of incoming phone calls, said he had been threatened, and asked again if one could beat a murder charge. At the holding center, Waters asked whether a person who took another person's gun from him and shot him would be considered to have acted in self-defense.

Voluntary statements made by unwarned suspects in custodial interrogation are presumed to be compulsory and are inadmissible at trial. See *Oregon v. Elstad*, 470 U. S. 298, 307 (105 SC 1285, 84 LE2d 222) (1985) ("Failure to administer *Miranda* warnings creates a presumption of compulsion. Consequently, unwarned statements that are otherwise voluntary . . . must nevertheless be excluded from evidence under *Miranda*."); *Livingston v. State*, 264 Ga. 402 (6) (444 SE2d 748) (1994). Therefore, to make a proper case for suppression, Waters must show both that he was in custody and that he was subjected to interrogation. It is clear that Waters was in custody. He was approached at gunpoint, handcuffed, and placed on the ground while guarded by three police officers even before he was advised that he was under arrest. As such, he was not free to go and could not have reasonably believed that he could do so. See *Shy v. State*, 234 Ga. 816, 822 (218 SE2d 599) (1975) (custody found when suspect ordered to spread-eagle on the ground).

Waters was not, however, being subjected to interrogation. Interrogation for the purposes of *Miranda* warnings encompasses express questioning and words and actions that officers should know are reasonably likely to elicit an incriminating response from the subject. *Lucas v. State*, 273 Ga. 88 (2) (538 SE2d 44) (2000); *Rhode Island v. Innis*, 446 U. S. 291, 300-302 (100 SC 1682, 64 LE2d 297) (1980). Here, the officers asked Waters' father, not Waters, about the missing truck, and their questions to the father were not reasonably likely to elicit any response from Waters. See, e.g., *Rhode Island v. Innis*, supra, 446 U. S. at 302 (suspect not interrogated because the conversation in suspect's hearing would not have led officers to believe that confession would be compelled). As such, the questions did not constitute interrogation under *Miranda*, and the trial court therefore properly denied Waters' motion to suppress.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Axam, Adams & Secret, Tony L. Axam*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.