**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 9, 2014**

# In the Court of Appeals of Georgia

A14A1284. HOLMAN v. THE STATE.

DILLARD, Judge.

Ulysses Holman, who is represented by counsel, appeals from his convictions for serious injury by vehicle and DUI less safe. In his notice of appeal, however, Holman did not request that a trial transcript be included as part of the appellate record. Because no transcript was requested, the transcript was not transmitted to this Court for review and, for the reasons set forth *infra*, we affirm the trial court's judgment.

OCGA § 5-6-37 specifies that a notice of appeal shall set forth, *inter alia*, "a designation of those portions of the record to be omitted from the record on appeal," and "*[i]n addition*, the notice shall state whether or not any transcript of evidence and

proceedings is to be transmitted as a part of the record on appeal."[1] But here, Holman's notice of appeal stated only that nothing should be omitted from the record on appeal. The notice did not request that a transcript of evidence and proceedings be transmitted to this Court as a part of the appellate record, and we are not at liberty to infer otherwise. Indeed, as our Supreme Court has explicitly held, "[t]he specification that 'nothing' is to be omitted from the record would not infer that the transcript is to be included, since the appellant is required to state whether the transcript will be filed, *in addition* to designating any portion of the record to be omitted."[2]

The absence of the trial transcript in the case *sub judice* makes it impossible for this Court to review Holman's enumerations of error concerning the sufficiency of the evidence, the court's instructions to the jury, and trial counsel's allegedly ineffective assistance.[3] It is well established that it is the burden of the complaining

---

[1] OCGA § 5-6-37 (emphasis supplied).

[2] *Steadham v. State*, 224 Ga. 78, 80 (1) (159 SE2d 397) (1968) (emphasis supplied); *accord Tempo Carpet Co. v. Collectible Classic Cars of Ga., Inc.*, 166 Ga. App. 564, 564 (305 SE2d 26) (1983).

[3] *See Steadham*, 224 Ga. at 80 ("The appellants had a choice as to whether or not they would file a transcript of the evidence, and the failure to file such a transcript will not result in a dismissal of the appeal, but no questions can be decided which

party "to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review."[4] Additionally, when no transcript is included in the record on appeal we "must assume that the evidence was sufficient to support the judgment."[5] We therefore affirm the judgment of the trial court.[6]

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

require a consideration of the evidence."); *Okeke v. State*, 272 Ga. App. 529, 529 (613 SE2d 125) (2005) ("The absence of the trial transcript makes it impossible for this Court to review [the appellant's] enumerations of error concerning the sufficiency of the evidence, the admission of evidence, and other rulings below."); *Watts v. State*, 258 Ga. App. 579, 579 (574 SE2d 567) (2002) ("The absence of the trial and sentencing transcripts makes it impossible for this Court to review [the appellant's] various enumerations of error concerning factual merger, double jeopardy, and improper sentencing.").

[4] *Okeke*, 272 Ga. App. at 529 (punctuation omitted); *accord Watts*, 258 Ga. App. at 579.

[5] *Tempo Carpet Co.*, 166 Ga. App. at 564 (punctuation omitted); *accord Burns v. Barnes*, 154 Ga. App. 802, 802 (1) (270 SE2d 57) (1980).

[6] *See Okeke*, 272 Ga. App. at 529; *Watts*, 258 Ga. App. at 579; *see also Arnold v. State*, 276 Ga. App. 680, 681 (624 SE2d 258) (2005) (holding, when appellant "did not request that the entire record be transmitted to this Court on appeal," that "we must assume that the trial court ruled correctly and affirm").